HRW: USAO 2020R00124

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. TDC 20cr 198 |
| AMANDA Y. SCOTT, | * | (Theft of Government Property, 18 U.S.C. § 641; Aggravated Identity Theft, 18 U.S.C. § 1028A; Forfeiture, 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853, 28 U.S.C. § 2461(c)) |
| Defendant | * | |

*******

### INDICTMENT

### COUNT ONE
(Theft of Government Property)

The Grand Jury for the District of Maryland charges that:

### Introduction

At all times relevant to the charges in this Indictment:

1. Defendant **AMANDA Y. SCOTT ("SCOTT")** was the daughter of a retired Army veteran ("D-1").

2. Between in or about November 2019 and February 2020, **SCOTT** visited stores run by the Army & Air Force Exchange Service ("AAFES") located at Joint Base Andrews in Maryland, Fort Belvoir in Virginia, and Joint Base Anacostia-Bolling in the District of Columbia. **SCOTT** used the military identification of D-1 to gain entry to the stores.

3. While in the AAFES locations, **SCOTT** made purchases of merchandise. For each purchase, **SCOTT** presented a check drawn from an account at Woodforst National Bank, made out to "Exchange," and signed in her own name. Every check bounced, some for non-

sufficient funds and some because the account was "frozen/blocked." **SCOTT** never made payment for the merchandise she bought at the three AAFES stores.

4. D-1 died on January 4, 2020. D-1's funeral occurred on January 15, 2020.

5. On January 17, 2020, **SCOTT** personally appeared at the AAFES store at Joint Base Andrews, where she applied for and obtained a Military Star ("MilStar") credit card account. **SCOTT** opened the account using the name of D-1, including D-1's address, Social Security number, and date of birth. **SCOTT** represented in the credit card application that D-1 had a monthly salary of $3,500.

6. Twice on January 17, 2020, and once on January 19, 2020, **SCOTT** made purchases using the MilStar card in D-1's name.

## The Charge

7. Between in or about November 2019 and February 2020, in the District of Maryland and elsewhere, the defendant,

**AMANDA Y. SCOTT,**

did embezzle, steal, purloin, and knowingly convert to her use, any money and thing of value of the United States and any department and agency thereof, with an aggregate value that exceeded $1,000, that is, merchandise belonging to AAFES.

18 U.S.C. § 641

## COUNT TWO
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland charges that:

### Introduction

1. Paragraphs 1 through 6 of Count One are incorporated here.

### The Charge

2. On or about January 17, 2020, in the District of Maryland and elsewhere, the defendant,

**AMANDA Y. SCOTT,**

did knowingly transfer, possess and use, without lawful authority, a means of identification of another person, that is, the name, Social Security Number, and date of birth of D-1, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), that is, theft of government property, in violation of 18 U.S.C. § 641, as charged in Count One of this Indictment and incorporated here.


18 U.S.C. § 1028A(a)(1)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction under Count One of the Indictment.

2. Upon conviction of the offense set forth in Count One of the Indictment, the defendant,

**AMANDA Y. SCOTT,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(C), any property, real or personal, constituting or derived from, proceeds traceable to the offense. The property to be forfeited includes, but is not limited, a money judgment of at least $34,867.07 in U.S. currency.

3. If, as a result of any act or omission of the defendant, any of the property described above:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), shall be entitled to forfeiture of substitute property up to the value of the property described above.

18 U.S.C. § 981(a)(l)(C)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

_Robert K. Hur_ /KOH
Robert K. Hur
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date: 7/15/20